IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



WILLIAM EDWARD LANIER,                §
                                      §
              Petitioner,             §
                                      §
v.                                    §        No. 4:10-CV-045-A
                                      §
RICK THALER, Director,                §
Texas Department of Criminal          §
Justice, Correctional                 §
Institutions Division,                §
                                      §
              Respondent.             §

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 filed by petitioner, William Edward Lanier, a state

prisoner currently incarcerated in Beeville, Texas, against Rick

Thaler, Director of the Texas Department of Criminal Justice,

Correctional Institutions Division (TDCJ), respondent.   After

having considered the pleadings, state court records, and relief

sought by petitioner, the court has concluded that the petition

should be dismissed as time barred.

I.   PROCEDURAL HISTORY

The state court records and documentary evidence presented by

the parties reflect that petitioner is serving a 30-year sentence

on his 1983 conviction for murder in the Criminal District Court

Number Two of Tarrant County, Texas.   (Resp't Answer, Exhibit A)

Petitioner was initially released on parole on November 14, 1990.

He was returned to the custody of TDCJ on October 11, 2004, with

new criminal charges and in violation of his parole.   Upon his

return to TDCJ, his prior earned good time was forfeited pursuant

to § 498.004(b) of the Texas Government Code, and he was not

eligible for street time pursuant to § 508.283(b) due to his murder

conviction.

In this petition, petitioner claims he is entitled to street

time for the thirteen years he spent on parole and good time credit

under the Prison Management Act (PMA) for 660 days, in addition to

the flat time he has served on his 30-year sentence. According to

petitioner's calculations, his 30-year sentence has been fully

discharged, and the denial of street and good time credit violates

his constitutional rights under the ex post facto clause, due

process clause, and separation of powers.   (Petition at 7-8)

Petitioner sought time credit dispute resolution through TDCJ's

administrative process and state habeas relief, to no avail.   *Ex*

*parte Lanier*, Application No. WR-72,805-01; TEX. GOV'T CODE ANN. §

501.0081 (Vernon 2004).   Petitioner filed this federal habeas

petition in the Corpus Christi Division on December 29, 2009, and

the case was subsequently transferred to this division.   Respondent

2

contends that the petition is time-barred or, in the alternative, that petitioner is not entitled to additional time credits.

## II. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Specifically, the provision provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

>> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)   The time during which a properly filed application for State post-conviction or other collateral

3

review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (D), applicable to this case, the limitations period begins on the date the petitioner could have discovered the factual predicate of his claims through the exercise of due diligence. *See Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (Table, No. 00-14008); *Tweedy v. Dretke*, No. 4:03-0520-A, 2003 WL 22724659, at *3 (N.D.Tex. Sept. 15, 2003) (not designated for publication); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 3363-64 (5th Cir. 2002) (applying 2244(d)(1)(D) in prison disciplinary case resulting in loss of good time credits). Petitioner's parole was revoked sometime in 2004, and he was returned to TDCJ custody on October 11, 2004. At the very latest petitioner could have discovered the factual predicate of his claims on October 11, 2004, when he was returned to TDCJ. Thus, the federal statute of limitations began on that date and expired one year later on October 11, 2005, subject to any applicable tolling.

This court is of the opinion that the limitations period is tolled during the pendency of the prison's time credit dispute resolution process under § 2244(d)(2), provided the administrative remedy is pursued before expiration of the limitations period.

4

*Hunter v. Quarterman*, No. 4:06-CV-342-A, 2006 WL 2914162 at *2, 5 (N.D. Tex. Oct. 11, 2006). TDCJ received a time dispute resolution form from petitioner on 11-3-2004, 11-19-2004, 12-21-2004, 12-20-2005, 4-28-2006, 2-11-2008, and 7-30-2008, and responded to petitioner that there was no error in his time calculations on 6-20-2005 (for the 11-3-2004 and 11-19-2004 dispute), 7-18-2005, 5-5-2006, 2-6-2007, 10-27-2008, and 2-3-2010. (Resp't Answer, Exhibit A)  When petitioner filed his first time credit dispute resolution form, 23 days of the one-year period had elapsed. Following TDCJ's response to his first, second and third dispute forms and the date petitioner filed his fourth dispute form, an additional 155 days elapsed, leaving  petitioner with 187 days, or until August 12, 2007, within which to file a timely petition.  Neither petitioner's sixth and seventh dispute forms nor his state habeas application, filed after August 12, 2007, operate to further toll the limitations period. *Kimbrell*, 311 F.3d at 364; *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).[1]  Nor has petitioner alleged or demonstrated rare and exceptional circumstances that would justify

---

[1]The record does not reflect whether petitioner raised the claims presented in one or more of his time dispute resolution forms.  Because it is not necessary, the Court does not decide whether filing multiple, and most likely repetitious, time credit dispute forms act to toll the limitations period.

equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Petitioner's federal petition was due on or before August 12, 2007.  Therefore, his petition filed on December 29, 2009, is time barred.

The court ORDERS that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253©, for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED April ___19___, 2010.

JOHN MCBRYDE
United States District Judge